IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR LEE LEWIS,

          Plaintiff,

v.

DANIEL MANIER, WAYNE MOE, ROBERT
MIEHLKE III, MATTHEW JAMES ADAMS,
PALO SOAVE, BRANDON KARSEN,
ANDREW MOLDENHAUER, CHRISTOPHER
MOERSCHELL, JOHN DOE, in their individual
and official capacities, the COUNTY OF
OAKLAND, the OAKLAND COUNTY
SHERIFF'S DEPARTMENT, and Oakland
County Sheriff MICHAEL BOUCHARD, in his
official capacity, jointly and severally,

          Defendants.

Case No.
Hon.

DEMAND FOR JURY TRIAL

_____

MICHAEL J. KEMNITZ, P.C.
BY: MICHAEL J. KEMNITZ (P57227)
Attorney for Plaintiff
645 Griswold, Suite 1717
Detroit, Michigan 48226
(313) 967-0100
mkemnitz@sbcglobal.net

_____

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES PLAINTIFF, ARTHUR LEE LEWIS, by and through his undersigned counsel, and, by way of his Complaint against the above captioned defendants, states as follows:

**JURISDICTION**

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 because it arises under the Constitution and laws of the United States, including but not limited to 42 U.S.C. § 1983.  This Court has supplemental jurisdiction over the Michigan state law claims

raised herein pursuant to 28 U.S.C. § 1367 because such claims are so related to the claims in this action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**VENUE**

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all defendants reside in the Eastern District of Michigan and a substantial part of the events giving rise to the claims raised herein occurred in the Eastern District of Michigan.

**PARTIES**

3.     Plaintiff ARTHUR LEWIS (hereinafter "Plaintiff") is, and has been at all times relevant herein, a resident of Oakland County, Michigan and a citizen of the United States.

4.     At all times relevant herein, Plaintiff was a pretrial detainee at the Oakland County Jail located in Pontiac, Michigan.

5.     Defendant DANIEL MANIER (hereinafter Defendant MANIER), at all times relevant herein, was an agent/employee of Defendant OAKLAND COUNTY and/or Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT and he was acting within the scope of his employment and authority as a law enforcement officer, under color of law and pursuant to the policies and practices of Defendant OAKLAND COUNTY and/or Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT.  Defendant MANIER is sued in his individual and official capacities.  Upon information and belief, Defendant MANIER is a resident of Oakland County, Michigan.

6.     Defendant WAYNE MOE (hereinafter Defendant MOE), at all times relevant herein, was an agent/employee of Defendant OAKLAND COUNTY and/or Defendant

2

OAKLAND COUNTY SHERIFF'S DEPARTMENT and he was acting within the scope of his employment and authority as a law enforcement officer, under color of law and pursuant to the policies and practices of Defendant OAKLAND COUNTY and/or Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT.  Defendant MOE is sued in his individual and official capacities.  Upon information and belief, Defendant MOE is a resident of Oakland County, Michigan.

7.      Defendant ROBERT MIEHLKE III (hereinafter Defendant MIEHLKE), at all times relevant herein, was an agent/employee of Defendant OAKLAND COUNTY and/or Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT and he was acting within the scope of his employment and authority as a law enforcement officer, under color of law and pursuant to the policies and practices of Defendant OAKLAND COUNTY and/or Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT.  Defendant MIEHLKE is sued in his individual and official capacities.  Upon information and belief, Defendant MIEHLKE is a resident of Oakland County, Michigan.

8.      Defendant MATTHEW JAMES ADAMS (hereinafter Defendant ADAMS) at all times relevant herein, was an agent/employee of Defendant OAKLAND COUNTY and/or Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT and he was acting within the scope of his employment and authority as a law enforcement officer, under color of law and pursuant to the policies and practices of Defendant OAKLAND COUNTY and/or Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT.  Defendant ADAMS is sued in his individual and official capacities.  Upon information and belief, Defendant ADAMS is a resident of Oakland County, Michigan.

9. Defendant PALO SOAVE (hereinafter Defendant SOAVE) at all times relevant herein, was an agent/employee of Defendant OAKLAND COUNTY and/or Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT and he was acting within the scope of his employment and authority as a law enforcement officer, under color of law and pursuant to the policies and practices of Defendant OAKLAND COUNTY and/or Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT.  Defendant SOAVE is sued in his individual and official capacities.  Upon information and belief, Defendant SOAVE is a resident of Oakland County, Michigan.

10. Defendant BRANDON KARSEN (hereinafter Defendant KARSEN) at all times relevant herein, was an agent/employee of Defendant OAKLAND COUNTY and/or Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT and he was acting within the scope of his employment and authority as a law enforcement officer, under color of law and pursuant to the policies and practices of Defendant OAKLAND COUNTY and/or Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT.  Defendant KARSEN is sued in his individual and official capacities.  Upon information and belief, Defendant KARSEN is a resident of Oakland County, Michigan.

11. Defendant ANDREW MOLDENHAUER (hereinafter Defendant MOLDENHAUER) at all times relevant herein, was an agent/employee of Defendant OAKLAND COUNTY and/or Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT and he was acting within the scope of his employment and authority as a law enforcement officer, under color of law and pursuant to the policies and practices of Defendant OAKLAND COUNTY and/or Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT.  Defendant

4

MOLDENHAUER is sued in his individual and official capacities. Upon information and belief, Defendant MOLDENHAUER is a resident of Oakland County, Michigan.

12. Defendant CHRISTOPHER MOERSCHELL (hereinafter Defendant MOERSCHELL) at all times relevant herein, was an agent/employee of Defendant OAKLAND COUNTY and/or Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT and he was acting within the scope of his employment and authority as a law enforcement officer, under color of law and pursuant to the policies and practices of Defendant OAKLAND COUNTY and/or Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT. Defendant MOERSCHELL is sued in his individual and official capacities. Upon information and belief, Defendant MOERSCHELL is a resident of Oakland County, Michigan.

13. Defendant JOHN DOE (hereinafter Defendant DOE) at all times relevant herein, was an agent/employee of Defendant OAKLAND COUNTY and/or Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT and he was acting within the scope of his employment and authority as a law enforcement officer, under color of law and pursuant to the policies and practices of Defendant OAKLAND COUNTY and/or Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT. Defendant DOE is sued in his individual and official capacities. Upon information and belief, Defendant DOE is a resident of Oakland County, Michigan.

14. Defendant SHERIFF MICHAEL BOUCHARD (hereinafter Defendant BOUCHARD) at all times relevant herein, was the elected Sheriff of Oakland County and he is sued in his official capacity. Defendant BOUCHARD is responsible, by statute and the Michigan Constitution, for the supervision, maintenance and control of Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT and the Oakland County Jail and is directly responsible for the creation, implementation and continuation of jail policies. At all times relevant herein,

5

Defendant BOUCHARD had supervision and control of Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE, KARSEN, MOLDENHAUER, MOERSCHELL and DOE.

15. Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT is the Sheriff's Department for Defendant OAKLAND COUNTY.  For all times relevant hereto, Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT had supervision and control of the Oakland County Jail and all employees thereof, including Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE, KARSEN, MOLDENHAUER, MOERSCHELL and DOE, and was directly responsible for the creation, implementation and continuation of jail policies.

16. Defendant OAKLAND COUNTY is a municipal public corporation created and established under the Constitution, laws and statutes of the State of Michigan, with its county seat located in the City of Pontiac, County of Oakland, State of Michigan.  For all times relevant hereto, Defendant OAKLAND COUNTY had supervision of and control Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT and the Oakland County Jail and all employees thereof, including Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE,  KARSEN, MOLDENHAUER, MOERSCHELL and DOE, and was directly responsible for the creation, implementation and continuation of jail policies.

17. In his capacity as Sheriff, Defendant BOUCHARD is the final policymaker for Defendant OAKLAND COUNTY with respect to the creation and implementation of policies, customs and practices at the Oakland County Jail.

18. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, and other applicable state and federal law, to redress the denial of rights and privileges under the United States Constitution, and the Amendments thereto, including but not limited to, the Fifth, Eighth and Fourteenth Amendments.

## GENERAL ALLEGATIONS

19.     Plaintiff realleges and incorporates by reference all of the preceding Paragraphs as if fully set forth herein.

20.     On or about February 15, 2013, Plaintiff was arrested and arraigned on a criminal charge at the 52-1 District Court in Novi, Michigan, at which time a cash/surety bond was set by the Court.

21.     On February 15, 2013, following Plaintiff's arraignment, deputies with the Oakland County Sheriff's Department transported Plaintiff to the Oakland County Jail.

22.     At the time he arrived at the Oakland County Jail on February 15, 2013, Plaintiff was aware that his family had posted his bond using a bondsman and that he would soon be released from the jail.

23.     Once at the Oakland County Jail, and as part of the intake process, Defendant MOE ordered Plaintiff to remove his clothing, which Plaintiff began to do.  While Plaintiff was removing his clothing, Defendant MOE instructed Plaintiff to pick up the boots that Plaintiff had just removed.  Plaintiff did not immediately pick up his boots.

24.     When Plaintiff did not immediately pick up his boots, Defendants MOE and/or MANIER ordered Plaintiff to get dressed, and Plaintiff complied.  Defendants MOE and/or MANIER then escorted Plaintiff to another area of the jail and told him to remove his clothing, and Plaintiff complied.

25.     While Plaintiff was removing his clothing, and after he had fully disrobed, Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE,  KARSEN, MOLDENHAUER, MOERSCHELL and DOE surrounded Plaintiff.   Once Plaintiff was fully nude, Defendants MANIER,   MOE,   MIEHLKE,   ADAMS,   SOAVE,        KARSEN,   MOLDENHAUER,

7

MOERSCHELL and DOE, acting individually and in concert, pushed Plaintiff and forced him to the ground, where they struck him with their hands, feet and knees, and violently forced his arms behind his back.

26.    The above described physical attack on Plaintiff was captured by one or more video cameras in the Oakland County Jail.

27.    At the time of the above described physical attack, Plaintiff was not resisting Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE,  KARSEN, MOLDENHAUER, MOERSCHELL and DOE, nor did he provoke or otherwise do anything to justify the physical attack.

28.    As a result of the Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE, KARSEN, MOLDENHAUER, MOERSCHELL and DOE's physical attack on Plaintiff, Plaintiff suffered four broken ribs, two dislocated shoulders, as well as bruises, contusions, and abrasions on his head, face and body.

29.    Shortly after the physical attack upon Plaintiff by Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE,  KARSEN, MOLDENHAUER, MOERSCHELL and DOE, Plaintiff was released from jail on bond.

30.    Within approximately 48 hours of being released from the Oakland County Jail on February 15, 2013, Plaintiff filed a formal complaint with Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT regarding the physical attack inflicted upon him by Defendants MANIER,    MOE,    MIEHLKE,    ADAMS,    SOAVE,    KARSEN,    MOLDENHAUER, MOERSCHELL and DOE.  As part of his complaint, Plaintiff provided Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT with a copy of his medical records documenting the injuries he sustained.

8

31.     Neither Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT, nor Defendant OAKLAND COUNTY, nor Defendant BOUCHARD took any action whatsoever to investigate the merits of Plaintiff's complaint regarding the physical attack inflicted upon him on February 15, 2013 at the Oakland County Jail.

32.     After Plaintiff filed his formal complaint with Defendant OAKLAND COUNTY SHERIFF'S DEPARTMENT, Defendant MANIER sought and obtained a warrant charging Plaintiff with one count of assaulting a prison employee (MCL § 750.197c).

33.     On August 2, 2013, following a jury trial, Plaintiff was acquitted of the offense of assaulting a prison employee, but was convicted of resisting or obstructing a police officer pursuant to MCL § 750.81d.   The basis for the resisting/obstructing conviction was Plaintiff's failure to immediately obey the command by Defendant MOE to pick up Plaintiff's boots prior to Plaintiff being moved to the area where the above described attack occurred.

**COUNT I**
**42 U.S.C. § 1983 - EXCESSIVE FORCE**
**DEFENDANTS MANIER, MOE, MIEHLKE, ADAMS, SOAVE,**
**KARSEN, MOLDENHAUER, MOERSCHELL & DOE**

34.     Plaintiff realleges and incorporates by reference all of the preceding Paragraphs as if fully set forth herein.

35.     The actions of Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE, KARSEN, MOLDENHAUER, MOERSCHELL and DOE, individually and/or collectively, in assaulting, battering and/or physically attacking Plaintiff, as set forth above, constitute a violation of the United States Constitution, as such actions amount to the use of unreasonable, excessive and/or arbitrary use of force in violation of the United States Constitution, and the Amendments thereto, including but not limited to the Fifth, Eighth and Fourteenth Amendments .

9

36. Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE, KARSEN, MOLDENHAUER, MOERSCHELL and DOE, individually and/or collectively, acted maliciously and sadistically to cause harm to Plaintiff and caused the unnecessary and wanton infliction of pain upon Plaintiff.

37. The actions of Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE, KARSEN, MOLDENHAUER, MOERSCHELL and DOE, individually and/or collectively, were taken with deliberate indifference towards Plaintiff's federally protected rights and shock the conscience.

38. As a direct and proximate cause of the actions of Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE, KARSEN, MOLDENHAUER, MOERSCHELL and DOE, Plaintiff suffered damages as set forth below.

**COUNT II**
**42 U.S.C. § 1983 – CONSPIRACY**
**DEFENDANTS MANIER, MOE, MIEHLKE, ADAMS, SOAVE,**
**KARSEN, MOLDENHAUER, MOERSCHELL & DOE**

39. Plaintiff realleges and incorporates by reference all of the preceding Paragraphs as if fully set forth herein.

40. Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE, KARSEN, MOLDENHAUER, MOERSCHELL and DOE formed a single plan to subject Plaintiff to an assault and battery and/or other excessive force, as detailed above.

41. Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE, KARSEN, MOLDENHAUER, MOERSCHELL and DOE individually and collectively shared a conspiratorial objective to deny Plaintiff his constitutional rights by subjecting Plaintiff to an assault and battery and/or other use of excessive force, as detailed above.

10

42.     Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE, KARSEN, MOLDENHAUER, MOERSCHELL and DOE committed overt acts in furtherance of the single plan and shared a conspiratorial objective by, among other things, surrounding Plaintiff, physically assaulting and battering Plaintiff or otherwise using excessive force against Plaintiff, and assisting one another in physically assaulting and battering Plaintiff and using other excessive force against Plaintiff, as set forth above.

43.     As a direct and proximate cause of the actions and conspiracy of Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE, KARSEN, MOLDENHAUER, MOERSCHELL and DOE, Plaintiff suffered damages as set forth below.

**COUNT III**
**ASSAULT & BATTERY**
**DEFENDANTS MANIER, MOE, MIEHLKE, ADAMS, SOAVE,**
**KARSEN, MOLDENHAUER, MOERSCHELL & DOE**

44.     Plaintiff realleges and incorporates by reference all of the preceding Paragraphs as if fully set forth herein.

45.     Prior to physically attacking Plaintiff, as set forth above, Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE,  KARSEN, MOLDENHAUER, MOERSCHELL and DOE each intentionally and unlawfully offered corporal injury to Plaintiff by force, or force unlawfully directed toward Plaintiff, under circumstances which created in Plaintiff a well-founded apprehension of imminent contact, coupled with each Defendants' apparent present ability to accomplish the contact.

46.     Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE,  KARSEN, MOLDENHAUER, MOERSCHELL and DOE each willfully and harmfully or offensively touched Plaintiff, and said touching resulted from each Defendants' act intended to cause such contact.

47.    As a direct and proximate cause of the actions of Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE,  KARSEN, MOLDENHAUER, MOERSCHELL and DOE, Plaintiff suffered damages as set forth below.

## COUNT IV
## MICHIGAN CIVIL CONSPIRACY
## DEFENDANTS MANIER, MOE, MIEHLKE, ADAMS, SOAVE,
## KARSEN, MOLDENHAUER, MOERSCHELL & DOE

48.    Plaintiff realleges and incorporates by reference all of the preceding Paragraphs as if fully set forth herein.

49.    Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE,  KARSEN, MOLDENHAUER, MOERSCHELL and DOE formed a civil conspiracy to accomplish the unlawful objective of assaulting and battering Plaintiff and otherwise inflicting excessive force upon Plaintiff, as set forth above.

50.    Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE,  KARSEN, MOLDENHAUER, MOERSCHELL and DOE acted in concert and according to a common plan or scheme to further their unlawful civil conspiracy by, among other things, surrounding Plaintiff, physically assaulting and battering Plaintiff or otherwise using excessive force against Plaintiff, and assisting one another in physically assaulting and battering Plaintiff and using other excessive force against Plaintiff, as set forth above.

51.    As a direct and proximate cause of the actions and/or conspiracy of Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE,  KARSEN, MOLDENHAUER, MOERSCHELL and DOE, Plaintiff suffered damages as set forth below.

## COUNT V
## VIOLATION OF 42 U.S.C. §1983
## DEFENDANTS OAKLAND COUNTY, OAKLAND COUNTY SHERIFF'S
## DEPARTMENT & BOUCHARD

12

52.     Plaintiff realleges and incorporates by reference all of the preceding Paragraphs as if fully set forth herein.

53.     Defendants OAKLAND COUNTY, OAKLAND COUNTY SHERIFF'S DEPARTMENT and BOUCHARD, through the below described customs, policies and/or practices, caused Plaintiff to be deprived of his rights and privileges under the United States Constitution, as enumerated below:

    a.  By failing to properly train, evaluate, supervise, investigate, review and/or discipline the officers under their supervision.

    b.  By effectively causing, condoning, ratifying and/or acquiescing in the intentional, willful and wanton, reckless or deliberately indifferent acts and/or omissions of its employees and/or agents, including but not limited to those of Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE, KARSEN, MOLDENHAUER, MOERSCHELL and DOE.

    c.  By failing to meaningfully investigate citizen complaints against members or employees of the Oakland County Jail and/or the Oakland County Sheriff's Department.

54.     Defendants OAKLAND COUNTY, OAKLAND COUNTY SHERIFF'S DEPARTMENT and BOUCHARD ratified the constitutional violations committed by Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE, KARSEN, MOLDENHAUER, MOERSCHELL and DOE by failing to take any action to investigate the citizen complaint filed by Plaintiff, and by failing to discipline any of the Defendants for their physical attack upon Plaintiff.

13

55.     Through the above detailed policies, practices and customs, Defendants OAKLAND COUNTY, OAKLAND COUNTY SHERIFF'S DEPARTMENT and BOUCHARD were deliberately indifferent to the probability of citizens being deprived of their rights and privileges under the United States Constitution.

56.     As a direct and proximate cause of the above detailed policies, practices and customs, Plaintiff suffered damages as set forth below.

## DAMAGES

57.     Plaintiff realleges and incorporates by reference all of the preceding Paragraphs as if fully set forth herein.

58.     As a direct and proximate cause of the actions, omissions, conspiracies, customs, policies and/or practices of Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE, KARSEN, MOLDENHAUER, MOERSCHELL, DOE, OAKLAND COUNTY, OAKLAND COUNTY SHERIFF'S DEPARTMENT and BOUCHARD, as detailed above, Plaintiff suffered past, present and future damages that include, but are not limited to: deprivation of the rights secured to him by the United States Constitution, and the Amendments thereto, including but not limited to those rights secured by the Fifth, Eighth and Fourteenth Amendments; physical injury, including four broken ribs, two dislocated shoulders, bruises, contusions, and abrasions; loss of income; mental, physical and emotional suffering; and shame, humiliation and embarrassment.

59.     Defendants are each liable for exemplary and punitive damages, as well as Plaintiff's attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment against Defendants MANIER, MOE, MIEHLKE, ADAMS, SOAVE, KARSEN, MOLDENHAUER, MOERSCHELL, DOE, OAKLAND COUNTY, OAKLAND COUNTY

14

SHERIFF'S DEPARTMENT and BOUCHARD, jointly and severally, in whatever amount a jury determines to be fair, reasonable and just, plus costs and attorney fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims raised herein.

Respectfully submitted,

/s/ *Michael Kemnitz*
MICHAEL J. KEMNITZ, P.C.
BY: MICHAEL J. KEMNITZ (P57227)
Attorney for Plaintiff
645 Griswold, Suite 1717
Detroit, Michigan 48226
(313) 967-0100
mkemnitz@sbcglobal.net

Dated: January 26, 2015